

**S**AUL
**E**WING
Attorneys at Law
A Delaware LLP

*Celebrating 85 years of service.*

Mark Minuti
Phone: (302) 421-6840
Fax: (302) 421-5873
mminuti@saul.com
www.saul.com

February 27, 2006

**Via Hand Delivery**

Honorable Kent A. Jordan
United States District Court Judge
United States District Court
844 N. King Street
Wilmington, DE 19801

    Re:    <u>Steven Haas (a/k/a Laser Haas), As President of
Collateral Logistics, Inc. v. Traub, Bonacquist & Fox, et al.
(District Court Case No. 05-0829 (KAJ)
Robert K. Alber v. Traub, Bonacquist & Fox LLP, *et al.*
(District Court Case No. 05- 0830-KAJ)
Morris, Nichols, Arsht & Tunnell v. Traub, Bonacquist & Fox LLP, *et al.*
(District Court Case No. 05- 0831-KAJ)</u>

Dear Judge Jordan:

       This firm represents appellee Barry Gold ("Mr. Gold") in the above-captioned bankruptcy appeals (collectively the "Appeals"). We write in response to the Court's orders of February 23, 2006 requesting that the parties confer and submit a briefing schedule to govern these appeals by March 10, 2006. For the reasons set forth below, we would respectfully request that the Court address the pending Motions described in detail below before requiring the parties to proceed to briefing on the merits of these Appeals.

## Background

       Each of the above-captioned appeals relates to the bankruptcy case of **In re eToys, Inc., et al.**, pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), Case Nos. 01-0706 through 01-0709. On December 20, 2004, appellant Robert K. Alber ("Mr. Alber"), a purported shareholder of eToys, Inc. (the "Debtor") and Collateral Logistics, Inc. ("CLI"), a purported administrative creditor of the Debtor, filed emergency motions [Bankr. Docket Nos. 2145 and 2146] (the "Emergency Motions") seeking, *inter alia*, sanctions and other relief against Mr. Gold, Traub Bonacquist & Fox LLP ("TBF") and Mark Kenney, Esquire, staff attorney for the Office of the United States Trustee ("UST").

P.O. Box 1266 ♦ Wilmington, DE 19899-1266 ♦ Phone: (302) 421-6800 ♦ Fax: (302) 421-6813
Courier Address: 222 Delaware Avenue, Suite 1200 ♦ Wilmington, DE 19801-1611

BALTIMORE   CHESTERBROOK   HARRISBURG   NEWARK   PHILADELPHIA   PRINCETON   WASHINGTON   WILMINGTON
A DELAWARE LIMITED LIABILITY PARTNERSHIP

533249.1 2/27/06

On January 25, 2005, Mr. Alber filed a motion seeking, *inter alia*, certain relief against Debtor's counsel, Morris Nichols Arsht & Tunnell, LLP ("MNAT") [Bankr. Docket No. 2178]. On February 15, 2005, the UST filed its motion for certain relief against TBF [Bankr. Docket No. 2195], followed on February 24, 2005 by its motion seeking approval of a settlement of its issues with TBF (the "UST Settlement") [Bankr. Docket No. 2201]. Responses were filed to each of the above motions and the Bankruptcy Court held a full day evidentiary hearing on the motions on March 1, 2005. On October 4, 2005, the Bankruptcy Court (Walrath, C.J.) issued its Order and Opinion in which it, among other things, denied the Emergency Motions as they related to Gold and TBF, and approved the UST Settlement (the "October 4 Opinion").

On December 2, 2005, Mr. Alber filed a Notice of Appeal (Case No. 05-830) (the "Alber Appeal") from the October 4 Opinion. Similarly, on December 2, 2005, Steven Haas ("Mr. Haas"), the purported President and CEO of CLI, also filed a Notice of Appeal (Case No. 05-829) (the "Haas Appeal") from the October 4 Opinion. MNAT filed a conditional cross-appeal bearing case number 05-831. Both Messrs. Alber and Haas are proceeding in these appeals without a lawyer.

### The Pending Motions

The following motions (collectively the "Motions") are pending in connection with these Appeals:

A.  **The Motions to Dismiss the Haas Appeal.**

In connection with the Haas Appeal, each of Mr. Gold, TBF and MNAT have filed motions to dismiss the appeal on the basis that Mr. Haas individually does not have standing to prosecute the Haas Appeal and, as a non-lawyer, cannot represent CLI in connection with the Haas Appeal [Dist. Ct. Docket Nos. 6, 7, 11 and 15] (the "Motions to Dismiss the Haas Appeal"). The time to respond to the Motions to Dismiss the Haas Appeal has passed and no response to the motions was served or filed.

B.  **The Motions to Strike the Improper Haas Record.**

In further connection with the Haas Appeal, each of Mr. Gold, TBF and MNAT have filed motions to strike items that Mr. Haas improperly designated for inclusion in the record on appeal of the October 4 Opinion [Dist. Ct. Docket Nos. 8, 12 and 18] (the "Motions to Strike the Improper Haas Record"). The time to respond to the Motions to Strike the Improper Haas Record has also passed and no response to the motions was served or filed.

C.  **The Motions to Stay the Haas Appeal.**

Finally, in connection with the Haas Appeal, each of Mr. Gold, TBF and MNAT have filed motions to stay further proceedings on the Haas Appeal pending the Court's disposition of the Motions to Dismiss the Haas Appeal and the Motions to Strike the Improper

Haas Record [Dist. Ct. Docket No. 9, 10 and 14]. Again, no responses to these motions were served or filed and the deadline for doing so has passed.

**D.      The Motions to Strike the Improper Alber Record.**

In connection with the Alber Appeal, each of Mr. Gold, TBF and MNAT have filed motions to strike items that Mr. Alber improperly designated for inclusion in the record on the appeal of the October 4 Opinion [Dist. Ct. Docket Nos. 8, 11 and 12] (the "Motions to Strike the Improper Alber Record"). Mr. Alber did not respond to the Motions to Strike the Improper Alber Record and the time for doing so has passed.[1]

**E.      The Motions to Stay the Alber Appeal.**

Finally, in connection with the Alber Appeal, each of Mr. Gold, TBF and MNAT have filed motions to stay further proceedings on the Alber Appeal pending the Court's disposition of the Motions to Strike the Improper Alber Record [Dist. Ct. Docket Nos. 9, 10 and 13] (the "Alber Appeal Stay Motions," together with the Haas Appeal Stay Motions as the "Motions to Stay"). Again, Mr. Alber did not respond to the Alber Appeal Stay Motion and the time for doing so has passed.

### Request That The Court Consider The Pending Motions

Mr. Gold would respectfully request that the Court consider and decide the Motions prior to requiring the parties to brief the merits of these Appeals. Approval of the Motions to Stay will permit the Court to consider the remaining Motions before all parties are required to spend time and money briefing the merits. The Motions to Dismiss the Haas Appeal can be decided quickly by the Court, and if approved, will result in the dismissal of the Haas Appeal without the need for briefing on the merits of the appeal. The Motions to Strike the Improper Alber Record should be decided prior to briefing the merits of the Alber Appeal, as the outcome of the motions will effect the scope of the record that the parties can utilize in connection with briefing the merits. In the unlikely event that the Court were to deny the Motions to Dismiss the Haas Appeal, the Court can address the Motions to Strike the Improper Haas Record at the same time it considers the Motions to Strike the Improper Alber Record, as both motions involve the same issues and the same improperly designated items.

Although Bankruptcy Rule 8011 permits the Court to decide all of the Motions without a hearing, Mr. Gold would respectfully request that the Court hold a hearing or teleconference to permit the parties to provide oral argument in connection with the Motions.

---

[1]    For the Court's information, each appellant filed motions to strike the improper record designated by Messrs. Alber and Haas before the Bankruptcy Court [Bankr. Docket Nos. 2338, 2339, 2341, 2344, 2346, 2349 and 2351] and Messrs. Haas and Alber responded to such motions [Bankr. Docket Nos. 2353 and 2362]. The Bankruptcy Court declined to address the motions on the basis that the appeals divested the Bankruptcy Court of jurisdiction to consider the motions.

Of course, we are available at the Court's convenience to discuss this matter. We appreciate the Court's consideration of this request.

Respectfully submitted,

Mark Minuti

MM/rew
cc: Frederick B. Rosner, Esq.
James L. Garrity, Esq.
Ronald R. Sussman, Esq.
Derek C. Abbott, Esq.
Mark S. Kenney, Esq.
Steven E. Fox, Esq.
Mr. Robert Alber
Mr. Steven Haas